## SWANK v. MORTGAGE INV. CO. OF EL PASO, TEX.

### No. 7691.

Circuit Court of Appeals, Fifth Circuit.
May 21, 1936.

S. J. Isaacks, of El Paso, Tex., for appellant.

A. H. Culwell, of El Paso, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges and STRUM, District Judge.

FOSTER, Circuit Judge.

Appellant brought this suit to recover on a guarantee given by appellee in selling to her certain bonds of the Tucson Holding & Investment Company. The jury was waived and the case tried by the judge, who made findings of facts. Judgment was entered dismissing the suit as premature, with full reservation of plaintiff's rights to bring another suit in the future.

It appears that on December 26, 1929, appellee, Mortgage Investment Company, sold to appellant bonds of the Tucson Holding & Investment Company of the face value of $15,500, and executed a guarantee that in the event of a foreclosure of the lien securing the loan the real estate would sell for enough to satisfy the notes in full with interest and costs of foreclosure. The agreement also provided that Mortgage Investment Company should have at its option a period of 18 months from the maturity of the notes in which to liquidate the indebtedness. Thereafter, the Tucson Holding & Investment Company got into financial difficulties and a bondholders' committee was organized. On June 1, 1932, appellant entered into a new agreement with appellee as a result of which she delivered her Tucson bonds to it and they were deposited with the bondholders' committee under this agreement. The property was sold at a sheriff's sale, bought in for the creditors, and a corporation known as the Pioneer Hotel Company was organized to operate the property. Appellant (and other creditors) received and accepted bonds of the hotel company in proportion to the original bonds held by her. The new agreement contemplated the sale of the property and the organization of the new corporation as above stated and the exchange of its securities for the old bonds. In the new agreement Mortgage Investment Company guaranteed that if there should not be enough obtained from the former notes of the Tucson Holding & Investment Company to pay them with accrued interest, then Mortgage Investment Company would pay any difference not realized from the bonds of the new corporation. The bonds of the new corporation had not matured when this suit was brought, and although appellant alleged that their market value was not over $2,065, she had not sold them.

The case presents purely a question of fact. It is plain that the new agreement amended the original agreement and appellee was not obligated to pay anything under either agreement, at least until there was a default on the new bonds. We agree with the conclusion of the District Court that the suit was premature.

Affirmed.